DICKSON, Justice,
dissenting.
I respectfully dissent, believing that the trial court's sentencing determination should not be revised on appeal in this case.
The appellate authority to review and revise criminal sentences provided in Article 7, Section 4 of the Indiana Constitution is merely a permissive option. It is implemented by Indiana Appellate Rule 7(B), which "places central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor." Serino v. State, 798 N.E.2d 852, 856-57 (Ind.2003). But in light of an appellate tribunal's limited opportunity to fully perceive and appreciate the totality of the cireumstances personally perceived by the trial judge at trial and sentencing, the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases.
The appellate revision of criminal sentences, except in such rare cases, may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained sentencing decisions are best made by a trial judge with the gravity that results from knowing that the judge's decisions are essentially final.
I am not convinced that this case is sufficiently rare or exeeptional to warrant appellate intrusion into the trial court's sentencing decision.